# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2013

Lyle W. Cayce
Clerk

No. 12-60399
cons. w/
No. 12-60452

TAMMY WILLIAMS; EARL RUSSELL; CHERYL HAMBRICK,

Plaintiffs - Appellees

v.

JAMES A RILEY, In His Official Capacity;
STEVE ATKINSON, Individually and in His Official Capacity as Deputy
Sheriff and Jail Administrator of Desoto County, Mississippi,

Defendants - Appellants

DESOTO COUNTY MISSISSIPPI,

Appellant

---

CONSOLIDATED WITH: 12-60452

TAMMY WILLIAMS

Plaintiff - Appellant

v.

JAMES A RILEY, In His Official Capacity;
STEVE ATKINSON, Individually and in His Official Capacity as Deputy
Sheriff and Jail Administrator of Desoto County, Mississippi,

Defendants - Appellees

No. 12-60399, cons. w/ No. 12-60452

DESOTO COUNTY MISSISSIPPI,

Appellee

_____

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 2:05-CV-83

_____

Before JONES and CLEMENT, Circuit Judges, and KAZEN[*], District Judge.

PER CURIAM:[**]

Appellants challenge a jury verdict holding DeSoto County and Atkinson liable for unlawfully firing Appellees for reporting inmate abuse at the DeSoto County jail. We find no reversible error of fact or law and **AFFIRM**.

In December 2004, Tammy Williams and Cheryl Hambrick—jailers at the DeSoto County jail—allegedly witnessed a jail sergeant beating an inmate. They made a report at the urging of Sergeant Earl Russell, and placed a copy under the door of all the jail officers and Sheriff Riley. Within 28 hours, all three were fired, as they feared, for allegedly sleeping on the job and shirking duties (not filling out logbooks or making rounds). Appellees asserted that, in reality, they were dismissed only because filling out the use of force report violated an unwritten policy that "what happens in the jail, stays in the jail."

Appellees' suit alleged claims under 42 U.S.C. § 1983 for violation of their First Amendment rights and state law. Based on *Garcetti v. Ceballos*, 547 U.S. 410, 126 S. Ct. 1951 (2006), the district court initially granted the Defendants' Rule 12(b)(6) motion to dismiss. This court reversed, however, finding a

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60399, cons. w/ No. 12-60452

material issue of fact existed concerning whether the speech was made pursuant to official duties. *Williams v. Riley*, 275 F. App'x 385, 389 (5th Cir. 2008) (per curiam) ("*Williams I*"). Holding that the law of the case made the inquiry a factual one, a subsequent panel of this court treated a post-discovery appeal as interlocutory and dismissed it. *Williams v. Riley*, 392 F. App'x 237, 241 (5th Cir. 2010) ("*Williams II*").

After an initial mistrial, a jury determined that the Appellees were fired in violation of their First Amendment rights and Mississippi law protecting employees who report illegal activity. *McArn v. Allied Bruce-Terminix Co.*, 626 So. 2d 603 (Miss. 1993). The Appellees each received awards of actual damages and, against Atkinson individually, punitive damages. The County and Atkinson appeal on various grounds, which we address in turn.

1. Appellants' first two points of error assert that the evidence does not support the verdict that Appellees engaged in making the report as citizens exercising their rights of free speech rather than as employees performing official duties. This argument derives directly from *Garcetti*, *supra*, which emphasized the distinction. Related to this, Appellants contend the court erred in submitting to the jury the entire question of a First Amendment violation, which is a mixed question of fact and law, *Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 104 S. Ct. 1949 (1984), rather than the pure fact question whether Appellees' job duties required them to make use of force reports. The court erred by this overbroad submission, but it instructed the jury that to prevail, the plaintiffs had to show that their actual job duties did not include writing use of force reports. (The court's instruction substantially paralleled the special interrogatory that Appellants sought; therefore, it was not an abuse of discretion to deny the interrogatory.) As this is the determinative antecedent fact question, there is unquestionably sufficient evidence to support the verdict, and because the Appellants do not otherwise challenge the basis for

3

No.  12-60399, cons. w/ No. 12-60452

a finding of First Amendment liability, the errors of which they complain were harmless.

2.   The County asserts a lack of evidence to show that Appellees' termination occurred because of or in retaliation for their exercise of First Amendment rights.  Based on the facts noted above and review of pertinent portions of the record, we are persuaded there was sufficient evidence of a custom or policy.

3. Appellants criticize the denial of their motion in limine challenging the admission of testimony about the termination of another jailer, Alice Cox, for allegedly reporting prisoner abuse. Such testimony was presented, although not by Cox herself.  The problem is that Cox's termination for filing a false report was sustained by the Mississippi Employment Security Commission, and her federal lawsuit failed.  The district court carefully weighed the potentially relevant but prejudicial and confusing evidence and issued a compromise order on admissibility. Although we might not have issued the same order, we find no abuse of discretion.

4. Appellants argue insufficient evidence to support the Appellees' claims for emotional distress damages and, alternatively, that a remittitur should have been granted. These assertions are not well founded. The jury awarded a single damage amount to each plaintiff; how the jury decided to allocate between monetary and emotional damages is not known.  Appellants do not contend that they sought, but were denied, more precise special damage interrogatories.  As the parties dispute the facts underlying potential apportionment of the damage award, we are in no position to deconstruct the award.

5.  Pertinent to the award of punitive damages against Chief Atkinson, Appellants challenge the findings of his malicious interference with employment. The brief also asserts that under Mississippi law, the punitive damages awards against Atkinson should be revoked because his net worth is zero.  *See* MISS.

No. 12-60399, cons. w/ No. 12-60452

CODE ANN. § 11-1-65 (West 2012). These arguments are irrelevant, however, because the jury found Atkinson liable for punitive damages in connection with the Appellees' federal as well as state law claims. There is no federal damage cap on punitive damage awards. Appellants did not challenge the formulation of the jury instruction, hence Atkinson's liability for a federal violation supports the punitive damage award.

6. As to Appellee Williams's cross-appeal for reinstatement, the district court did not err in holding that Williams's reinstatement would be premature. *See Boddie v. City of Columbus, Miss.*, 989 F.2d 745, 752 (5th Cir. 1993).

For the foregoing reasons, the judgment is AFFIRMED.